UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of CECCANTI, INC.; and CECCANTI, INC., a Washington corporation,<br><br>Plaintiffs,<br>v.<br><br>ARCHER WESTERN FEDERAL JV, a Joint Venture; WALSH FEDERAL, LLC; ARCHER WESTERN CONTRACTORS, LLC, a Delaware limited liability company; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendants. | NO.<br><br>MILLER ACT COMPLAINT<br><br>**JURY DEMAND** |

Plaintiffs, United States of America, for the use and benefit of Ceccanti, Inc., and Ceccanti, Inc. (hereinafter collectively referred to as "Ceccanti"), allege as follows:

## I.    PARTIES

1.    Ceccanti is, and at all times material to this action was, a corporation organized and existing under the laws of the State of Washington, and a licensed construction contractor under the laws of the State of Washington. Ceccanti has met all other prerequisites to maintain this action.

2.    Defendant Archer Western Federal JV is a joint venture between defendants Walsh Federal, LLC and Archer Western Contractors, LLC (these three defendants are

MILLER ACT COMPLAINT - 1

collectively referred to as "Archer"). Archer was the prime contractor to the United States Army Corps of Engineers ("Owner") for the construction project known as "USACE AAC Large Hangar, W912DW-14-C-0023," at Joint Base Lewis-McChord in Washington State (the "Project").

3. Ceccanti provided labor and materials for the Project as a subcontractor to Archer.

4. Travelers Casualty and Surety Company of America ("Travelers"), on information and belief, is a Connecticut corporation and a compensated surety and bonding company for Archer.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction as this case arises under the Miller Act, 40 U.S.C. § 3131, *et seq*. In accordance with the Miller Act, and as part of its obligations pertaining to the Project, Archer, as principal, and Travelers, as surety, provided to the United States of America a payment bond, Bond No. 106133964 ("Bond"). The Bond is attached as Exhibit A. Archer and Travelers are each jointly and severally liable for full payment up to the penal sum of the Bond to persons and entities who supplied labor and materials in connection with the Project, including Ceccanti.

6. This Court also has supplemental jurisdiction over this dispute pursuant to 28 U.S.C. §1367.

7. This action involves a payment dispute on a Federal Government construction project in Pierce County, Washington. Venue is proper in this Judicial District, pursuant to 28 U.S.C. §1391 and 40 U.S.C. §3133(b)(3)(B), because the Project is located in this Judicial District, and the events or omissions giving rise to the claims occurred in this District.

8. This action should be assigned to the Tacoma Division, because the claims arose in, and the location of the Project is in Pierce County, Washington.

MILLER ACT COMPLAINT - 2

### III. FACTS

9. Ceccanti entered into a subcontract (the "Subcontract") with Archer, by which Ceccanti agreed to provide certain labor and materials in connection with the Project.

10. Ceccanti has performed all conditions, covenants, obligations, and promises required to be performed on its part under the Subcontract or has been excused from so doing by the actions, omissions, and/or directions of Archer or by operation of law, but has not been paid in full for its work.

11. During Ceccanti's performance on the Project, Ceccanti's work was delayed, changed, and impacted by Archer and other causes beyond Ceccanti's reasonable control and for which Archer is responsible. As a result, Ceccanti was forced to incur substantial costs beyond Ceccanti's reasonable contemplation at the time of its bid and execution of the subcontract with Archer.

12. Archer has wrongfully failed to pay Ceccanti for work performed pursuant to the Subcontract and for Ceccanti's additional costs incurred in compliance with Archer's directives. The unpaid principal amount due and owing is $154,444.00.

### IV. FIRST CAUSE OF ACTION: CLAIM AGAINST PAYMENT BOND UNDER MILLER ACT

13. At the time of filing suit, more than ninety (90) days, but less than one year, has expired from the last date upon which Ceccanti furnished labor and materials to the Project. Ceccanti has otherwise satisfied all the requirements for pursuing a claim against the Bond.

14. Archer has wrongfully failed to pay Ceccanti for work performed on the Project. Under the Subcontract and applicable law, Ceccanti is entitled to recover its reasonable attorneys' fees and costs incurred to enforce the Subcontract, collect damages for Archer's breaches, and recover on the Bond.

15. In accordance with the terms of the Bond and the Miller Act, Archer and Travelers are jointly and severally liable to Ceccanti in the principal amount of $154,444.00,

together with interest at the maximum rate legally permissible from the date said sums were due, costs, all recoverable attorneys' fees, and such other amounts as may be proven at trial.

V.  **SECOND CAUSE OF ACTION: BREACH OF CONTRACT**

16. Under the Subcontract and applicable law, Ceccanti is entitled to recover its reasonable attorneys' fees and costs incurred to enforce the Subcontract, collect damages for Archer's breach, and recover on the Bond. Archer has failed to pay the sum of $154,444.00, or such other sum as will be proven at trial, owing under the terms of the Subcontract and for costs incurred due to Archer's directives, actions, and omissions. Archer's conduct in failing and refusing to timely pay Ceccanti for all labor and material provided to the Project constitutes a breach of the Subcontract.

17. As a direct and proximate result of Archer's breach, Ceccanti has suffered damages in the amount of $154,444.00 together with interest at the maximum legally permissible rate from the date said sums were due, costs, attorneys' fees, and such other amounts as may be proven at trial.

VI.  **THIRD CAUSE OF ACTION: VIOLATION OF PROMPT PAYMENT ACT**

18. Archer's conduct in failing and refusing to pay Ceccanti for all labor and material it provided to the Project, within the time required by applicable prompt pay statutes, such amounts were due Ceccanti. As a consequence, Ceccanti is entitled to all relief afforded by such statutes, including but limited to, penalties, interest and attorney fees.

VII.  **FOURTH CAUSE OF ACTION: PROMISSORY ESTOPPEL, UNJUST ENRICHMENT AND QUANTUM MERUIT**

19. Archer requested and directed Ceccanti to perform work on the Project, and through its statements and conduct promised that Archer would pay Ceccanti the reasonable value of the work performed.

20. Ceccanti performed at Archer's request and direction, and provided benefits to Archer in performing the Project in reasonable reliance on Archer's promises. Archer accepted the benefits provided by Ceccanti. Archer has wrongfully refused and failed to pay

MILLER ACT COMPLAINT - 4

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

the full, fair, and reasonable value of the work performed by Ceccanti, thus breaching its promises to Ceccanti.

21.     Archer has been unjustly enriched at Ceccanti's expense and under the circumstances it would be unjust for Archer to retain the benefits without compensating Ceccanti for their value.

22.     Ceccanti, at the request of Archer and with Archer's knowledge, provided, performed, furnished and/or installed services, labor, material, and equipment in the course of performing its construction work, all of which were incorporated for the benefit of Archer and the Project. The reasonable value of the work performed by Ceccanti significantly exceeds the amounts Archer has paid Ceccanti on the Project.

23.     As an alternative claim for relief, Ceccanti is entitled to recover, on the basis of the doctrines of unjust enrichment, promissory estoppel, and *quantum meruit* in order to avoid unjust enrichment, and obtain the full, fair and reasonable value of the work it performed.

### VIII.   **DEMAND FOR JURY**

Pursuant to FRCP 38 and LCR 38, Ceccanti hereby demands trial by jury.

### IX.   **PRAYER FOR RELIEF**

Ceccanti respectfully requests the following relief:

1.     Judgment against all defendants jointly and severally for the principal sum of $154,444.00, or such other sum as will be proven at trial, plus interest at the maximum rate legally permissible from the date said sums were due, plus any applicable attorneys' fees, and costs plus all relief available under the applicable prompt pay statutes.

2.     For such other and further relief as the Court may deem just and equitable.

MILLER ACT COMPLAINT - 5

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

DATED: November 19, 2018

          ASHBAUGH BEAL LLP

         By: *s/ Richard H. Skalbania*
            Richard H. Skalbania, WSBA #17316
            rskalbania@ashbaughbeal.com
            Brian M. Guthrie, WSBA # 41033
            bguthrie@ashbaughbeal.com
            701 5th Avenue, Suite 4400
            Seattle, WA 98104
            *Attorneys for Ceccanti, Inc.*

EXHIBIT A

Bond No. 106133964

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) September 2, 2014 | OMB No. 9000-0045 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

Archer Western Federal JV
929 W Adams Street
Chicago    IL    60607

**TYPE OF ORGANIZATION** ("X" one)

☐ INDIVIDUAL   ☐ PARTNERSHIP
☒ JOINT VENTURE   ☐ CORPORATION

**STATE OF INCORPORATION**
Walsh Federal, LLC, IL, Archer Western Contractors, LLC, DE

**SURETY(IES)** (Name(s) and business address(es))

Travelers Casualty and Surety Company of America
One Tower Square
Hartford    CT    06183

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 36 | 998 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO |
|---|---|
| 8/26/2014 | W912DW-14-C-0023 |

OBLIGATION: W912DW-14-C-0023

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only, for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**Archer Western Federal JV**     PRINCIPAL

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Sean C. Walsh President, Managing Member | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America One Tower Square Hartford CT 06183 | STATE OF INC CT | LIABILITY LIMIT $188172000 |
| | SIGNATURE(S) | 1. | | 2. |
| | NAME(S) & TITLE(S) (Typed) | Kerry Pecora, Attorney-in-Fact | | 2. |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV 5-96)
Prescribed by GSA FAR (48 CFR) 53.228(b)

| | | CORPORATE SURETY(IES) (Continued) | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |

| BOND PREMIUM | RATE PER THOUSAND ($) * | TOTAL ($) $209,484 | *First 2.5 MM 6.83 per thousand<br>Next 2.5 MM 6.04 per thousand<br>Next 2.5 MM 5.91 per thousand<br>Over 7.5 MM 5.51 per thousand |
|---|---|---|---|

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)". In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25 (REV. 5-96) BACK

A3

Bond No. 106133964

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) September 2, 2014 | OMB No. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

Archer Western Federal JV
929 W. Adams Street
Chicago        IL        60607

**TYPE OF ORGANIZATION** ("X" one)
☐ INDIVIDUAL    ☐ PARTNERSHIP
☒ JOINT VENTURE    ☐ CORPORATION
STATE OF INCORPORATION
Walsh Federal, LLC, FL, Archer Western Contractors, LLC, DE

**SURETY(IES)** (Name(s) and business address(es))

Travelers Casualty and Surety Company of America
One Tower Square
Hartford        CT        06183

**PENAL SUM OF BOND**
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 36 | 998 | 000 | 00 |

**CONTRACT DATE**: 8/26/2014
**CONTRACT NO**: W912DW-14-C-0023

W912DW-14-C-0023

OBLIGATION

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS.

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**Archer Western Federal JV** — PRINCIPAL
SIGNATURE(S): 1. /s/ [signature] (Seal) 2. (Seal) 3. (Seal) — Corporate Seal
NAME(S) & TITLE(S) (Typed): Sean C. Walsh, President, Managing Member

**INDIVIDUAL SURETY(IES)**
SIGNATURE(S): 1. (Seal) 2. (Seal)
NAME(S) (Typed): 1. 2.

**CORPORATE SURETY(IES)**
SURETY A:
NAME & ADDRESS: Travelers Casualty and Surety Company of America, One Tower Square, Hartford, CT 06183
STATE OF INC: CT
LIABILITY LIMIT: $188172000
SIGNATURE(S): 1. /s/ [signature] 2.
NAME(S) & TITLE(S) (Typed): 1. Kerry Pecora, Attorney-in-Fact    2.

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

A4

| | | CORPORATE SURETY(IES) (Continued) | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25A (REV 10-90) BACK

A5

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

# POWER OF ATTORNEY

**TRAVELERS J**

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

Attorney-In Fact No. 225482

Certificate No. 005959117

KNOW ALL MEN BY THESE PRESENTS: That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc., is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Brian R. Walsh, J. William Ernstrom, Jodi Wallace, and Kerry Pecora

of the City of Chicago, State of Illinois, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 23rd day of June 2014.

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

State of Connecticut
City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the 23rd day of June 2014, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2016.

_____
Marie C. Tetreault, Notary Public

58440-8-12 Printed in U.S.A.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

A6

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

RESOLVED, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

FURTHER RESOLVED, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

FURTHER RESOLVED, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

FURTHER RESOLVED, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, Kevin E. Hughes, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this  2  day of  September , 20 14.

Kevin E. Hughes, Assistant Secretary

        

To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.travelersbond.com. Please refer to the Attorney-In-Fact number, the above-named individuals and the details of the bond to which the power is attached.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

A7